**ELEANOR HUNTER, Plaintiff**

v.

**WILLIAM E. HOUTZ, et al., Defendants**

Civil No. 1974-582

District Court of the Virgin Islands

Div. of St. Croix

January 21, 1975

JAMES & RESNICK, ESQS. (JEFFREY L. RESNICK, of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

NICHOLS & SILVERLIGHT, ESQS. (JOHN B. NICHOLS, of counsel), Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND JUDGMENT

Plaintiff moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in this action for breach of lease. On August 6, 1971, plaintiff Hunter as lessor and defendants Tierney and Houtz as lessees entered into an agreement for the lease of Plot #4 and part of Plot #3 in Estate Orange Grove, Christiansted, St. Croix. As sanctioned by paragraph 22 of the lease, defendants thereafter assigned said lease agreement to defendant Management Engineers, Inc., but remained personally liable thereon. Defendant corporation negotiated an amendment to the lease on March 26, 1973, whereby it was to pay to plaintiff $3,000.00 for an extension of the right of cancellation, as specified in paragraph 3 of the lease, from December 31, 1972 to June 30, 1973. On June 29, 1973, defendant corporation tendered its check for $3,000.00 as quid pro quo for the foregoing extension and, by letter dated the same day, notified plaintiff's attorney that it wished to exercise its right of cancellation under the lease.

353

To date, defendants have failed to pay the agreed upon $5,000.00 rent for the period January to June, 1973. Moreover, plaintiff asserts that defendants have violated paragraph 2(e) of the lease by failing to pay the real estate tax assessment for one-third of the year 1971, all of 1972 and one-half of 1973, all totalling $1,642.00.

■ In their answer, defendants admit the above mentioned tax liability, asserting only that no tax bills were ever received by them. Given this admission, this Court grants partial summary judgment on the $1,642.00 tax claim.

As a defense to their failure to pay the $5,000.00 in back rent, defendants claim that prior to December 31, 1972, the final date upon which defendants could properly cancel prior to the amendment of March 26, 1973, defendants sought:

(1) an extension of the lease for an additional three years;

(2) an extension of the time within which they could validly cancel without liability; and

(3) a moratorium of six months on the rent.

Having conveyed such requests to plaintiff in December, 1972, plaintiff made no response thereto until March of 1973, at which time she agreed to the first two requests.

Simply stated, defendants argue that plaintiff's delay in responding to their request not only constitutes a defense to non-payment of rent but also entitles them, by way of counterclaim, to damages of $27,000.00; that is, had defendants been informed that all three of their requests would not be granted prior to December 31, 1972, they could have cancelled without any further liability on their part.

■ Indeed, there is nothing in the lease which imposes a duty upon the lessor to even consider any of the three re-

quests, let alone a duty to do so within a stated period of time. Prior to amendment, paragraph 3 of the lease gave the lessees the right to cancel on December 31, 1974. Had the foregoing requests been made well in advance of that date, silence on the part of plaintiff could have been answered by defendants' exercising their right of cancellation under paragraph 3.

No authority need be cited for the fundamental proposition that the law will not require a party to do that which he is under no legal duty to do. The rights and duties of the lessor and lessee are defined in the contract, and this Court refuses to read into the rather comprehensive lease agreement provisions which were never intended by the parties. To hold that a lessor under a lease agreement, even in financially troubled times, is obligated to respond to a request for a six-month moratorium on rent payments would do much to weaken the theoretical underpinnings of the law of contracts. If defendants did in fact rely on plaintiffs' silence beyond that date by which they could cancel without liability, I can only conclude that such reliance was unreasonable in an arms length transaction.

### ORDER

In accordance with the above Memorandum Opinion and the reasons set forth therein, it is hereby ORDERED:

(1) That plaintiff's motion for summary judgment be GRANTED.

(2) That defendant's counterclaim be and it is hereby DISMISSED.

### SUMMARY JUDGMENT

It is further ORDERED, ADJUDGED and DECREED that plaintiff ELEANOR HUNTER recover of the defendants WILLIAM E. HOUTZ, ROBERT J. TIERNEY, and MANAGEMENT ENGINEERS, INC., the sum of

$5,000.00 in accrued rent, $1,642.00 in real estate taxes together with costs and indemnification for attorney's fees in the amount of $750.00.